EZEKIEL RODRIGUEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodriguez v. Commissioner
Docket No. 10570-94
United States Tax Court
T.C. Memo 1995-67; 1995 Tax Ct. Memo LEXIS 68; 69 T.C.M. (CCH) 1878; February 8, 1995, Filed *68 An appropriate order will be issued granting respondent's motion for judgment on the pleading and imposing a penalty under sec. 6673 in the amount of $ 2,000, and decision will be entered for respondent. Ezekiel Rodriguez, pro se. For the respondent: Michael R. McMahon. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion For Judgment on the Pleadings, pursuant to Rule 120(a), [1] and for entry of a decision sustaining respondent's determinations in the notices of deficiency for 1987 through 1991. In her motion, respondent also alleges that this case is appropriate for consideration of imposition of the penalty under section 6673. In the notices of deficiency, respondent determined deficiencies in income tax and additions to tax for 1987, 1988, 1989, 1990, and 1991 in the following amounts: Additions to Tax Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6651(a)
Sec. 6654(a)
1987
$ 3,839.00
$ 191.95
$ 959.75
$ 207.34
1988
3,743.00
187.15
935.75
238.89
1989
1,939.00
-   484.75
130.71
1990
2,109.30
-   527.32
138.45
1991
2,879.00
-   492.50
107.16
*69 The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file income tax returns and report his income for the subject years. The gist of petitioner's allegations in his petition is: (1) "petitioner is informed and believes that the herein notices of deficiency are in reality fraudulent assertions of liability"; (2) the "Commissioner arbitrarily and erroneously determined that petitioner received income"; and (3) that the United States Tax Court lacks the authority to render a decision in this case because it is not an Article III court under the Constitution, and, therefore, is without jurisdiction. Petitioner makes further allegations in the petition, which are common in tax protester petitions, regarding the method in which he was selected for audit, as well as the audit techniques utilized by respondent. Subsequent to the filing of respondent's motion, the Court noted that it reviewed the petition herein and agreed with respondent that the allegations therein are tax protester allegations that have been repeatedly rejected by this and other courts. However, petitioner was authorized to file an objection to respondent's *70 motion or, alternatively, an amended petition to set forth adequate assignments of errors and statements of facts with respect to the merits of respondent's determinations. Petitioner then filed an Objection, in which petitioner merely asserted further tax protester arguments (the terms "income" and "taxpayer" have not been adequately defined; petitioner, a California resident, is not located in any area of jurisdiction subject to the United States Congress; he did not engage in a taxable activity, etc.). Under these premises, no useful purpose would be served by affording the parties further hearing in this matter. In her motion to dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See ; , *71 affd. without published opinion . Petitioner makes tax protester arguments that have been heard by this Court on many occasions and rejected. See, e.g., , affd. ; ; We see no reason to again refute these arguments with somber reasoning and copious citation of precedent. . The short answer to petitioner's arguments is that petitioner is not exempt from Federal income tax. See . Furthermore, this Court generally (as in the instant case) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved in making her determinations. ; *72 ; . Petitioner has failed to raise any issue with regard to the amount of his income or deductions, or the correct amount of his tax liability, including the additions to tax. Accordingly, he has not raised any justiciable issues, and respondent's motion to dismiss will be granted. Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $ 25,000 whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay. Petitioner's actions are clearly frivolous. Accordingly, we require petitioner to pay to the United States a penalty of $ 2,000 pursuant to section 6673. An appropriate order will be issued granting respondent's motion for judgment on the pleading and imposing a penalty under sec. 6673 in the amount of $ 2,000, and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩